UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:02CR288(CFD) |
| JOSE SERRANO | : | January 3, 2005 |

<u>MEMORANDUM IN AID OF REVOCATION HEARING</u>

The defendant, Jose Serrano, has admitted to violating the terms of his supervised release. He respectfully submits this memorandum as an aid to the Court in determining the appropriate sanction.

**Background**

Jose Serrano commenced supervised release on May 28, 2002. He had just completed a 168 month sentence of incarceration for bank robbery. He committed that offense less than eight months from the date of his release from prison on another robbery conviction. He was sentenced in federal court as a career offender. Moreover, from the time he was a teenager, he was drug dependent, having been addicted for long periods to heroin and methamphetamine. Defense counsel points these facts out to the Court because, despite Mr. Serrano's violations of supervised release, Serrano had come a long way in his recovery.

During his incarceration and during the 27 months that he was on supervised release, Serrano achieved several significant goals. He paid off his restitution order and special assessment during his time in jail. Upon release, he obtained and maintained full-time employment. In fact, he performed well enough in his job at a moving company that his wages increased from $9 per hour to $14 dollars per hour. He successfully completed two drug programs, and he reported as directed to the United States Probation Office. He established a bank account and sufficient credit so that he was able to purchase a car. He remained free of heroin and methamphetamine.

For many of us, these may seem to be modest accomplishments. For a long-term addict, however, those accomplishments were very real and substantial. It is sad to see that so much hard work will be wasted.

- 2 -

Mr. Serrano has a big mouth. It appears that he does not know when to keep quiet or how to express his frustrations in an socially acceptable manner. Perhaps after so many years in custody, it is difficult to change the way one relates to others. He did not relate well with Mr. Pierpaoli, but Serrano did comply, albeit in a complaining fashion, with Mr. Pierpaoli's requests. He did work hard at his recovery. He did agree to a modification of his coniditions of supervision. He did report as directed. Serrano regrets that he did not tell Mr. Pierpaoli of his domestic arrest.

Mr. Serrano took a bad gamble. After his domestic arrest in February of 2004, he should have reported the arrest to Mr. Pierpaoli. The state charges, however, were to be nolled after his completion of a 26 week domestic violence program. He thought that an arrest would result in an automatic revocation of his supervised release. So he gambled that Mr. Pierpaoli would not find out, since the case would be nolled. That gamble proved to be a bad one on many levels.

First, it is unlikely that the arrest would have resulted in a revocation of supervised release. Second, once Mr. Pierpaoli discovered the arrest and the defendant's deception regarding it, he obtained a warrant. Serrano's subsequent arrest on that warrant precluded his completion of the domestic violence program in state court. Accordingly, he was convicted of a Breach of Peace and received a 6 month sentence instead of the nolle he would have obtained. In addition, due to his conduct during the arrest, he received a 9 month sentence for Interfering With An Officer. He will complete that sentence in May of 2005. Finally, he is now before this Court facing a supervised release revocation.

The defendant respectfully suggests that the appropriate sentence in this case is 8 months concurrent to the state sentences he is presently serving. This is so for four reasons. First, the proposed sentence provides additional imprisonment beyond the term of the state sentences. As noted above, the longest state sentence will expire in May of 2005. Mr. Serrano will not receive any pretrial credit in this case toward his federal sentence because that time has all been credited to the state sentences. Thus, his federal sentence, even if concurrent, will not begin until it is imposed on January 5, 2005. Thus, the federal sentence would eclipse the state sentence by four months. In light of all that Serrano accomplished during his supervision, this is a reasonable punishment for his failure to report the arrest.

Second, the state has already punished him for the domestic offense and for his conduct during

- 3 -

his arrest. So there is no need for this Court's sentence to include those factors. Indeed, as noted above, had he reported the domestic arrest, he probably would not have been violated in the first place. He would instead have completed the domestic violence program and would have received a nolle on the state charges. His failure to make that report snowballed so that he lost the nolled and ended up with two state sentences and now this federal sentence.

Third, there is a mitigating factor here that is not readily apparent unless one looks back at the bank robbery sentence. That is, Serrano received a sentence of 168 months based on a two level reduction for acceptance of responsibility. PSR, para. 17. When he was sentenced, the two-level reduction was all that was available. The third level would not be available until 1992. He clearly would have qualified for the third level, had it existed at the time of his sentencing, inasmuch as he volunteered that he committed the bank robbery while surrendering on a state warrant. PSR, para. 8. He confessed and pleaded guilty at a very early stage in his federal case. The government agreed in his plea agreement to recommend the bottom of the guideline range. PSR, par. 5. Had the third level applied, it would have resulted in a 17 month reduction in is sentence. The defendant brings this point up because it distinguishes him from the typical supervised release violator that the Court may be accustomed to seeing. That is, this defendant already served more time than other offenders whose conduct was no better- they simply had the good fortune to be sentenced later, after the third level came into effect.

Finally, the proposed sentence fairly balances the defendant's misconduct with the substantial efforts and achievements he made during his term of supervision. Going back to jail has been difficult for Mr. Serrano. He is 47 years old, and he has spent most of his adult life in jail. He made bad decisions in this case, but they should not preclude consideration of all the hard work he put in to overcome his addiction and to establish a life for himself.

- 4 -

        Respectfully submitted,

        The Defendant,
        Jose Serrano

        Thomas G. Dennis
        Federal Defender

Dated: January 3, 2005        /s/
        Terence S. Ward
        Asst. Federal Defender
        10 Columbus Blvd, FL 6
        Hartford, CT 06106-1976
        Bar No. ct00023
        (860) 493-6260

## CERTIFICATION

    I HEREBY CERTIFY that a copy of the foregoing Memorandum In Aid of Revocation Hearing has been mailed to Anastasia Enos, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT 06103, and to Brendan Pierpaoli, United States Probation Office, 915 Lafayette Blvd., Bridgeport, CT 06604 on this 3 day of January 2005.

        /s/

        Terence Ward